## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEVEN LYNN WICKWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  CIV-10-456-R |
| | ) | |
| PHILLIP SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights.  United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  Currently before the Court is Plaintiff's Motion for Partial Summary Judgment as to Defendant Chris Ratliff.  Defendant Ratliff has responded, and the time for Plaintiff to reply has passed.  Thus, the motion is at issue and ready for disposition.  For the following reasons, it is recommended that the motion be denied.

In his amended complaint, Plaintiff raised three counts against a number of alleged employees of the Caddo County Jail and Commissioners on the Caddo County Board of Commissioners.  However, on March 31, 2011, the undersigned entered a Report and Recommendation in which it was recommended that Plaintiff's claims against Defendants John Doe #1, John Doe #2, Craig Gibson, Benny Bowling, and Carlos Squires be dismissed

without prejudice for failure to accomplish timely service of process. [Doc. No. 25] The undersigned also recommended that summary judgment be granted as to the remaining Defendants on Counts II and III of Plaintiff's amended complaint, but that summary judgment be denied as to Defendants Pharon Phy and Chris Ratliff on Count I of Plaintiff's amended complaint.    [Doc. No. 25] Judge Russell adopted the undersigned's recommendations on April 27, 2011. [Doc. No. 26] Thus, the only remaining claim is Plaintiff's Count I claim against Defendants Phy and Ratliff wherein he claims that his Eighth Amendment rights were violated when Defendants denied him medical care. Specifically, Plaintiff alleges that he was assaulted at the Caddo County Jail on February 13, 2009, and as a result suffered a fractured jaw and several fractured teeth.   Amended Complaint, 10.  Plaintiff claims that during the remaining four days in the Caddo County Jail, Defendants ignored his requests for medical care and ibuprofen.  Amended Complaint, 10-11.

## I.  SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted where the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In considering a motion for summary judgment, the court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party.  Calhoun v. Gaines, 982 F.2d 1470, 1472 (10th Cir. 1992); Manders v. Oklahoma, 875 F.2d 263, 264 (10th Cir. 1989).  A dispute is "genuine," when viewed in this

light, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. <u>Anderson v. Liberty Lobby Inc.</u>, 477 U.S. 242, 248 (1986). "Material facts" are "facts that might affect the outcome of the suit under the governing law." <u>Anderson</u>, 477 U.S. at 248.

Once the movant has fulfilled his initial burden of showing an absence of a genuine issue of material fact and entitlement to judgment as a matter of law, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact. <u>Whitesel v. Sengenberger</u>, 222 F.3d 861, 867 (10th Cir. 2000). The nonmoving party "may not rest upon mere allegation" in his pleading to satisfy this requirement <u>Anderson</u>, 477 U.S. at 256. Rather, Federal Rule of Civil Procedure 56(c) "requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986).

## II.  PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff argues that he is entitled to summary judgment against Defendant Ratliff because Defendant Ratliff has failed to produce any evidence refuting his claim of deliberate indifference to his serious medical needs. Plaintiff's Motion for Partial Summary Judgment, 2. Plaintiff claims that the evidence shows that his injuries were sufficiently serious and that Defendant Ratliff knew of and disregarded an excessive risk to his health. Plaintiff's Motion for Partial Summary Judgment, 2. In support, Plaintiff claims that on February 13, 2009, he

and another inmate were involved in an altercation which resulted in Plaintiff receiving a moderate to grossly displaced right angle fracture to his mandible, a fractured incisor, two fractured molars, and a three centimeter complex laceration to his right upper lip. Plaintiff's Motion for Partial Summary Judgment, 3. Plaintiff claims that his injuries necessitated surgical repair, including the use of surgical screws, wire ligatures, and a surgical splint, and also required the removal of three teeth and bony material. Plaintiff's Motion for Partial Summary Judgment, 3. Plaintiff alleges that after the altercation his jaw was swollen, his teeth were shoved into his gums, and his mouth and clothes were bloody, making his injuries obvious to any lay person. Plaintiff's Motion for Partial Summary Judgment, 3. Plaintiff further claims that following the altercation, Defendant Ratliff responded to his request for help and observed him in the above condition but failed to investigate the cause of his condition or provide him with medical assistance. Plaintiff's Motion for Partial Summary Judgment, 3-4.

Following this incident, Plaintiff claims that he asked Defendant Ratliff for help to which Defendant Ratliff responded, "What do you want me to do about it[;] I can't send you anywhere," and then walked away. Plaintiff's Motion for Partial Summary Judgment, 3-4. Plaintiff alleges that Defendant Ratliff then spoke to the jail administrator concerning his injuries, stating that Plaintiff's injuries were not as bad as some of the injuries he had seen at the facility. Plaintiff's Motion for Partial Summary Judgment, 4.

Defendant Ratliff responds that Plaintiff has failed to produce any evidence in support

of Plaintiff's allegation that his injuries were obvious to a lay person when Defendant Ratliff

observed Plaintiff on February 13, 2009.  Defendant Ratliff's Response, 6-7.  Defendant

Ratliff further alleges that Plaintiff did not appear to be in need of emergency medical care

when he observed Plaintiff on February 13, 2009, and the circumstances did not suggest the

need for such care.  Defendant Ratliff's Response, 7-9.  Specifically, in an affidavit attached

to his response, Defendant Ratliff states that Plaintiff told him that he hurt his jaw after he

slipped and fell and he requested Tylenol or ibuprofen because his jaw was sore.  Defendant

Ratliff's Response, Ex. 1, at 2.  Defendant Ratliff denies that Plaintiff told him that he had

been assaulted, and he claims that Plaintiff did not request medical assistance.  Defendant

Ratliff's Response, Ex. 1, at 2.  Defendant Ratliff contends that at the time he spoke to

Plaintiff, Plaintiff did not appear to have any significant injuries or to be in need to

emergency medical care.  Defendant Ratliff's Response, Ex. 1, at 2.  Defendant Ratliff

claims that Plaintiff did not have any blood on his face or clothing nor were there any cuts,

bruises, or swelling on Plaintiff's face or mouth.  Defendant Ratliff's Response, Ex. 1, at 2.

Defendant Ratliff alleges that Plaintiff did not open his mouth or show his teeth, that Plaintiff

did not complain of any injury to his teeth, that Plaintiff was able to speak and move

normally, and that Plaintiff did not appear to be in an excessive amount of pain.  Defendant

Ratliff's Response, Ex. 1, at 2.  Defendant Ratliff contends that he advised the jail

administrator of Plaintiff's complaints and began to prepare a medical request slip for

Plaintiff but that before he could print the slip out someone from Plaintiff's pod yelled "never

mind" and a jail trustee informed him that Plaintiff had changed his mind and no longer wanted Tylenol. Defendant Ratliff's Response, Ex. 1, at 2. Defendant Ratliff denies hearing any further complaints from Plaintiff for the remainder of his shift, and he claims that he did not hear anything further from Plaintiff until Plaintiff was released from jail. Defendant Ratliff's Response, Ex. 1, at 3.

To be entitled to judgment against Defendant Ratliff, Plaintiff must show 1) a sufficiently serious medical need, the delay of which resulted in substantial harm, and 2) that Defendant Ratliff knew of and disregarded an excessive risk to his health or safety in failing to seek medical attention. <u>Mata v. Saiz</u>, 427 F.3d 745, 751 (10th Cir. 2005). Even assuming that Plaintiff met his burden under Rule 56, summary judgment in Plaintiff's favor as to Defendant Ratliff would not be appropriate here because the allegations set forth in Defendant Ratliff's affidavit are sufficient to raise a genuine dispute as to the material facts in this case. Were the factfinder to credit Defendant Ratliff's version of the events in question, it could reasonably return a verdict in favor of Defendant Ratliff. Thus, the undersigned finds that summary judgment in favor of Plaintiff and against Defendant Ratliff is not appropriate here. In so finding, the undersigned is not crediting Defendant Ratliff's version of events over Plaintiff's. Instead, the undersigned is merely finding that Defendant Ratliff fulfilled his duty under Federal Rule of Civil Procedure 56 to go beyond the pleadings and designate specific facts demonstrating a genuine issue for trial.

## RECOMMENDATION

For the reasons above, it is recommended that Plaintiff's Motion for Partial Summary Judgment [Doc. No. 39] as to Defendant Chris Ratliff be **DENIED**.  The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by January 17, 2012, in accordance with 28 U.S.C. § 636 and Federal Rule Civil Procedure 72.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal questions contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter, as Plaintiff's claims against Defendants Phy and Ratliff in Count I will remain if this Report and Recommendation is adopted.

**ENTERED this 28th day of December, 2011.**


_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE