IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

STEVEN LYNN WICKWARE,         )
                              )
            Plaintiff,        )
                              )
v.                            )      No. CIV-10-456-R
                              )
PHILLIP SMITH, et al.,        )
                              )
                              )
            Defendants.       )

## ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Doyle W. Argo for preliminary review. On February 24, 2012, Judge Argo issued a Report and Recommendation wherein he recommended that the motion for summary judgment filed by the two remaining Defendants, Pharin Phy and Chris Ratliff, be denied. The record reflects that Defendant Ratliff has not objected to the Report and Recommendation, nor sought an extension of time in which to object. Accordingly, the Report and Recommendation is hereby ADOPTED AS NOTED HEREIN with regard to Defendant Ratliff and his motion for summary judgment is DENIED.[1] Defendant Phy filed a timely objection to the Report and Recommendation, giving rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which

---

[1] The Court notes a typographical error on page 5 of the Report and Recommendation, wherein Judge Argo recites certain facts alleged to have occurred in November 2009, which the parties agree occurred in February 2009. Accordingly, the Court declines to adopt the language of the Report and Recommendation referring to those dates in November 2009, in light of this error.

Defendant Phy makes specific objection. Having conducted this *de novo* review, the Court finds as follows.

Plaintiff alleges deliberate indifference by Defendant Phy with regard to his need for medical attention. Tracking Defendants' motion, the Report and Recommendation addressed only the subjective element of a deliberate indifference claim, specifically that Defendant knew of and disregarded an excessive risk to plaintiff's health or safety in failing to provide medical treatment. Defendant argues the Report and Recommendation misinterprets the evidence as applied to Defendant Phy. The Report and Recommendation noted:

> The inmate who assaulted Plaintiff, Mr. Guy, testified in his deposition that after the altercation, Plaintiff's jaw was broken, "his teeth were folded back" his head was swollen and he had blood all over his shirt. Deposition of S. Cortland Guy, p. 18, attached to Plaintiff's Response, Ex. 2. Mr. Guy testified that the jailers came back to Plaintiff's cell after Plaintiff was allowed by Mr. Guy to seek medical attention, but the jailers left the Plaintiff in his cell all weekend without medical attention even though Plaintiff's head was swollen and all wrapped up. Id. *at 21*.

February 24, 2012 Report and Recommendation, p. 5. Defendant contends this testimony "is extremely misleading as applied to Defendant. First, although Mr. Guy testified Plaintiff had blood all over his shirt immediately after the altercation, he testified that jail trustees gave Plaintiff another shirt and he was, thus, not wearing a shirt which was soaked in blood or which had blood on it." Objection to Report and Recommendation at p. 51. Defendant's argument ignores that testimony of Plaintiff that he had a noticeable amount of blood on his shirt, and that he did not change his shirt while at the Caddo County Jail. Steven Wickware Deposition, pp. 56-57. It further ignores the testimony of Plaintiff's mother and sister that

2

he had blood on his shirt when he arrived in Court on February 19, 2009 for his initial appearance.[2] Defendant further argues that according to Plaintiff, Defendant Phy only glanced at him when he entered the cell on February 16, 2009, and therefore a jury could not conclude that he either saw the injuries Plaintiff suffered or appreciated them. First, the jury could infer from the testimony regarding Plaintiff's condition, given by Plaintiff, his family and Mr. Guy, that the fact of Plaintiff being injured was readily apparent to anyone who viewed him, regardless of whether it was a glance or a longer viewing. Furthermore, although Plaintiff was not standing directly in front of Defendant Phy when he allegedly glanced at him in the cell on February 16, 2009, Plaintiff's testimony indicates that his condition should have been apparent even from a forty-five degree angle.

Defendant's argument also ignores that portion of the special report wherein Defendant Phy stated that he was in and out of the cell on February 16, 2009 and that he escorted Plaintiff to his initial appearance on February 17, 2009. Again, construing the testimony in favor of the Plaintiff, as the Court is required to do, the testimony is that Plaintiff's condition was readily apparent to anyone who viewed him. Plaintiff's mother testified that his face was swollen and disfigured, his jaw appeared to be resting on his chest. Despite this evidence there is no indication in the record that between the time Defendant

---

[2] Defendant acknowledges the testimony that there were spots of blood on Plaintiff's shirt, but contends based on the testimony that it was an insignificant amount. Plaintiff's sister testified that Plaintiff "had blood all down his shirt. . . . " Ronda Wickware, Deposition, p. 12. "There was a line of blood down the front of his shirt. . . just right down the middle." *Id.* at p. 15. Her testimony was based on her observations from approximately twenty feet away in the courtroom. *Id.* His mother offered similar testimony. Dena Wickware, Deposition, p. 24-27.

Phy took Plaintiff to the courthouse and when Plaintiff was released on bail some time later that same day, that Defendant Phy made any attempt to secure medical attention for Plaintiff. In short, having reviewed all of the evidence, the Court agrees with Magistrate Judge Argo that genuine issues of material fact remain for resolution at trial with regard to Defendant Phy, and thus, summary judgment is inappropriate. Accordingly, the Court adopts the Report and Recommendation with regard to Defendant Phy.

Defendant also raises the issue of qualified immunity in his objection to the Report and Recommendation, based in part on Plaintiff's alleged failure to establish a violation of any constitutional right. As noted above, however, the Plaintiff has established that genuine issues of material fact remain for resolution at trial with regard to Defendant Phy, and considered in the light most favorable to Plaintiff, the facts support a claim for deliberate indifference to a serious medical need.

Defendant also contends the Report and Recommendation does not contain an adequate discussion regarding whether the law was clearly established at the time of the alleged deprivation of Plaintiff's constitutional rights. As noted by the Report and Recommendation, a pretrial detainee's right to adequate medical care was clearly established in 2009. See *Stafford v. Stewart*, 2012 WL 453647, *2 (10th Cir. Feb. 14, 2012) (pretrial detainees right to adequate medical attention clearly established in 2007). Defendant's contention that Plaintiff is required to identify a case more related to the facts of this case is not supported by the law. The issue in this case is factual; can a jury infer from the facts in this case whether Defendant Phy saw and appreciated the extent of Plaintiff's injuries in light

4

of their obvious nature and did he fail to obtain adequate medical care for Plaintiff in light of this knowledge. Although Defendant repeatedly contends this case involves a "mere glance" which is insufficient to establish that he was subjectively aware that Plaintiff had a serious medical need, the Court finds that the evidence presents genuine issues of material fact. Accordingly, Defendant is not entitled to qualified immunity.

For the reasons set forth herein, the Report and Recommendation issued on February 24, 2012, is hereby adopted and the motion for summary judgment of Defendants Phy and Ratliff is DENIED. Should Plaintiff desire the appointment of counsel he should file a motion in support of his request within fourteen days of entry of this order.

IT IS SO ORDERED this 20th day of March, 2012.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE